I respectfully dissent from the majorities opinion that Plaintiffs carpal tunnel syndrome is an occupational disease.
Carpal tunnel syndrome can result from trauma, disease, pregnancy, "repetitive motion occupations, or may be simply an "ordinary disease of life resulting from idiopathic causes. Carpal tunnel syndrome may be traced to the employment when the job tasks involve finger flexion that aggravates or contributes to the development of the disease, but carpal tunnel syndrome is not an "occupational disease unless the job also increases the employees risk of developing the disease as compared to the general run of occupations. Generally speaking, a job places an employee at an increased risk of developing carpal tunnel syndrome when the tasks involve finger flexion with a degree of force and/or frequency of rapidity ("repetition) that is beyond that required in the general run of occupations. This repetition is not shown by evidence of "doing the same job all day or "using ones hands a lot.
The stipulated videotape of the job shows that Plaintiffs job did not place him at an increased risk of developing carpal tunnel syndrome as compared to jobs in general. There is no rapid, strenuous, or sustained finger flexion involved, and no finger flexion that is beyond that required in the general run of occupations. This fact was so clear that Dr. Edwards, who is board certified in both orthopedics and hand surgery, referred to the issue as a "no brainer. His opinion as to increased risk cannot be impugned by the fact that he did not personally examine Plaintiff, as there is no basis for a finding that a physical examination of plaintiff or a more intimate knowledge of plaintiffs carpal tunnel condition could affect an opinion on the job tasks at issue.
The majority relies on Dr. Nelsons opinion that the brake press job made Plaintiff more prone to developing carpal tunnel disease than the average person on the street "because he's just using his hands a lot to flip the metal, moving the metal in and out of its position. Its repetitive all day long, I'm assuming. (Nelson deposition, p. 21; see also p. 22). However, many jobs require using ones hands a lot. Everyday life requires using ones hands a lot, which is why carpal tunnel disease is so often simply "an ordinary disease of life. "Repetitive motion in these kinds of cases should not mean "doing the same thing all day, but should refer to continuous and strenuous finger flexion recognized by experts as increasing the risk of developing carpal tunnel problems. (One example is keyboarding, but Dr. Nelson did not relate plaintiffs carpal tunnel syndrome to the keyboarding required in his job. Plaintiff does a "chopstick motion when entering data on the keypad when required, rather than holding a sustained typist position where the fingers are flexed toward the palm and may ultimately result in compression on the median nerve in the carpal tunnel.)
It also bears noting that Dr. Nelson, who performed Plaintiffs surgery, found canal stenosis in Plaintiffs wrist, which would predispose Plaintiff to developing carpal tunnel syndrome. Plaintiff also has a wire suture and foreign body as a result of a prior trauma to his left wrist which is an additional causative factor. Nevertheless, although Plaintiffs job could have been a factor in the development of his bilateral carpal tunnel syndrome, that fact alone does not prove an occupational disease under the Act.
For the foregoing reasons, I respectfully dissent.
 S/______________ RENE C. RIGGSBEE COMMISSIONER